IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MINISTER TIMOTHY LUTHER McNAIR,

Plaintiff,

v.

STATE OF OREGON, et al.,

Defendants.

Case No. 2:16-cv-00709-SB

ORDER

HERNÁNDEZ, District Judge:

Plaintiff, an inmate at Snake River Correctional Institution (SRCI), brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's Motion For Judgment on the Pleadings (ECF No. 40).

This action arises out of Plaintiff's attempt to obtain wide shoes and gel insoles and Defendants' alleged obstruction of Plaintiff's access to the prison's grievance process. Pl.'s Second Am. Compl. (ECF No. 16) at 4-10. On January 2, 2017, this Court dismissed several of Plaintiff's claims with the exception of an Eighth Amendment claim for the denial of adequate medical care and his pendent state claims. Order of Dismissal (ECF No. 19) at 3-5. On April 7, 2017, Plaintiff

1 - ORDER

filed a Motion for Judgment on the Pleadings (ECF No. 40). On April 17, 2017, Defendants filed their Answer (ECF No. 41).

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). All allegations of fact by the party opposing the motion are accepted as true and are construed in the light most favorable to that party. *Id.* "As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). "Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Id.*[1]

As noted above, Plaintiff alleges that Defendants violated his Eighth Amendment rights by denying him adequate medical treatment. Pl.'s Second Am. Compl. at 4-10. Plaintiff's pendent state claims for negligence and intentional infliction of emotional distress are premised, at least in part, on the same factual allegations. *Id.* at 1, 8-9. In their Answer, Defendants deny Plaintiff's factual allegations except that (1) Defendants are employed by the Oregon Department of Corrections; and (2) Plaintiff is incarcerated at SRCI. Answer at 1-2. Additionally, Defendants raise the following affirmative defenses: (1) failure to state a claim; (2) qualified immunity; (3) failure to exhaust

---

[1] Pursuant to Fed. R. Civ. P. 12(c), a motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed." Plaintiff filed his Motion for Judgment on the Pleadings approximately ten days before Defendants filed their Answer. Hence, the Motion was premature. However, because Defendants do not oppose the Motion on that basis, this Court does not address the issue.

2 - ORDER

administrative remedies; (4) sovereign immunity as to claims brought against them in their official capacity; (5) failure to comply with the Oregon Tort Claims Act; (6) lack of economic injury; (7) untimeliness; and (8) no *respondeat superior* liability.

Plaintiff has failed to demonstrate that in light of Defendants' Answer and Affirmative Defenses there are no material issues of fact. Accordingly, Plaintiff has failed to demonstrate that he is entitled to judgment as a matter of law on any of his claims for relief.

## CONCLUSION

Based on the foregoing, this Court denies Plaintiff's Motion for Judgment on the Pleadings (ECF No. 40).

IT IS SO ORDERED.

DATED this 16 day of August, 2017.

/s/ Marco Hernandez
Marco A. Hernández
United States District Judge